UPCHURCH, Judge.
Willie J. Kent appeals from convictions for petit theft and escape. He contends the trial court erred both in excluding his testimony on his defense of necessity and in denying his motion for a mistrial after an allegedly improper prosecutorial comment. We agree with Kent that the testimony was improperly excluded, but affirm the denial of the motion for mistrial.
Kent was arrested for shoplifting two pairs of earrings. A store security guard observed Kent pick up the earrings and leave the store without paying for them. The guard notified the police who arrested Kent. While the police officer was removing Kent from the squad car at the police station, Kent, while handcuffed, fled from the officer. He was promptly caught and returned to the police station.
The first question presented is whether the trial court erred in not admitting Kent’s proffered testimony concerning the defense of necessity to the charge of escape.
At trial, Kent attempted to justify his flight by raising the defense of necessity. On proffer Kent testified that he was slow getting out of the car because of an ankle injury. According to Kent, the officer *867 grabbed him by the neck and yanked him out of the car. Kent then told the officer he did not have to be so “damn rough.” Kent also claimed that the officer kicked him in the tail bone which provoked him to run so he wouldn’t have to take any further punishment or abuse from the officer.
The trial court reasoned that the testimony of Kent was not admissible because:
What I have here is a situation where there’s no evidence that was [sic] threatened or grievanced by the injury. The evidence is he was right beside the police station, but he proceeded to go in a direction which did not indicate that he intended to submit himself to lawful authority at the earliest opportunity but to the contrary, that he intended to avoid it. I don’t think that it breaches the level — I don’t think that the conduct he has described is such as to permit him to avail himself to the defense of necessity.
The defense then proffered testimony of a nurse employed by the Sheriff’s Department. She testified that she examined Kent and observed a hematoma or bruise type injury in the tail bone area. The court ruled that this testimony was also inadmissible.
We conclude that the court improperly excluded this testimony. The predicate for invoking the defense of necessity was specified in State v. Alcantaro, 407 So.2d 922 (Fla. 1st DCA 1981), pet. for review denied, 413 So.2d 875 (Fla.1982). There the court adopted the decision in People v. Lovercamp, 43 Cal.App.3d 823, 118 Cal.Rptr. 110 (1974) which defined the elements of the defense of necessity as follows:
(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;
(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;
(3) There is no time or opportunity to resort to the courts;
(4) There is no evidence of force or violence used towards prison personnel or other “innocent” persons in the escape; and
(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.
407 So.2d at 925.
In addition to the conditions set forth above, the question whether a prisoner, upon being subjected to abuse by a police officer, should be reasonably expected to flee for safety to the very police station where the officer was taking him, would be a factual determination for the jury to resolve. See Muro v. State, 445 So.2d 374 (Fla.3d DCA 1984). In this case, the proffered testimony should have been permitted.
The second issue was directed to the propriety of the state’s closing argument. As to this issue, we find no error.
The judgment and sentence as to the petit theft charge is affirmed. We reverse and remand for retrial on the charge of escape.
AFFIRMED in part; REVERSED and REMANDED in part.
DAUKSCH and SHARP, JJ., concur.